## WILLIAM WILLIAMS *vs.* ABIGAIL NICHOLS.

A promissory note, given by a widow to a creditor of her deceased husband for the amount of his debt, is void for want of consideration, if the husband has left no estate or assets, though the creditor gives the widow at the same time a receipted bill acknowledging payment from her husband's estate by the note.

ACTION OF CONTRACT upon a promissory note, made by the defendant, a widow, on the 5th of September 1854, to the plaintiff, for the amount of his bill for attendance as a physician at the last illness of William Nichols, the defendant's husband, who died July 17th 1853. At the time of receiving this note the plaintiff gave the defendant a receipted bill acknowledging payment from the estate of his demand, by this note.

After proof of the above facts at the trial in the court of common pleas, the defendant offered to show that " William Nichols left no estate or assets, out of which this debt could have been paid, or the defendant remunerated for incurring this liability." But *Mellen*, C. J. rejected such evidence as immaterial, and ruled that the facts disclosed sufficient consideration for the note in suit; and under the instructions of the court the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. M. Stimpson,* for the defendant, cited *Packard* v. *Richardson,* 17 Mass. 139 ; *Hill* v. *Buckminster,* 5 Pick. 391 ; *Parish* v. *Stone,* 14 Pick. 198 ; Chit. Con. (8th Amer. ed.) 29 ; *Dearborn* v. *Bowman,* 3 Met. 155, & cases cited ; *Jones* v. *Ashburnham,* 4 East, 463.

*O. P. Lord,* for the plaintiff. A consideration, in order to support a promise, need not necessarily be beneficial to the promisor. It is sufficient if any privilege or advantage goes from the other party, or he suffers any damage, trouble or prejudice, or the promise is the inducement to the transaction. *Forster* v. *Fuller,* 6 Mass. 68. *Amherst Academy* v. *Cowls,* 6 Pick. 427.

The defendant, rather than take out administration upon her husband's estate, voluntarily chose to pay the debt against the estate by her own note. The giving up of a receipted bill for

his services by the plaintiff was a sufficient consideration to support the note. It was immaterial whether or not the estate was insolvent. She, having considered his receipted bill, which was in the nature of an assignment of the debt to her, worth her promissory note, is now estopped to prove that it was of no value. Indeed, the giving up by the plaintiff of the right of administration (to which he was entitled by the delay of the widow for more than a year to take out administration) was of itself a sufficient consideration.

DEWEY, J. This case presents the naked question of a legal consideration for the note sought to be recovered. The facts offered to be shown by the evidence were that the husband, who was the original debtor, had died, leaving no estate real or personal liable to the payment of his debts, or the subject of distribution among his heirs, or which might be applied by way of an allowance to his widow in any form. The case stated is that of one dying without leaving anything to pass to anybody for any purpose, or in any form whatsoever. Whether this fact can be shown may be a subject of inquiry hereafter; but, as regards the legal question now before us, we must take the case to have been that of a widow who, at the solicitation of a creditor of her deceased husband, gives to him a promissory note promising to pay him the amount of his debt due from her husband, in a case where there are no assets to be administered, and where no possible benefit can result to the party giving such note, and no possible damage is suffered by the payee.

In the case supposed, the widow would derive no benefit from the discharge of a debt due by her deceased husband. Nor do we perceive how any possible damage to such creditor could arise from having given a receipt to the widow purporting to discharge such demand. The giving of the receipt would not, under the circumstances here offered to be shown, establish a legal consideration for the note. In the opinion of the court, upon the facts offered, if shown to exist, the case would be that of a voluntary promise, not founded on any legal consideration.

*Exceptions sustained.*